# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Emsurgcare and Emergency Surgical Assistant,<br><br>    Plaintiffs,<br>v.<br><br>UnitedHealthcare Insurance Co. and DOES 1-10,<br><br>    Defendants. | Case No.: 2:24-cv-07837-CBM-E<br><br>**ORDER RE: PLAINTIFFS' MOTION TO REMAND; DEFENDANTS' MOTION TO DISMISS** |

The matters before the Court are Plaintiffs' Motion to Remand and Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or Alternatively, to Compel Arbitration. (Dkt. Nos. 15, 16.)

## I. BACKGROUND

This is a *quantum meruit* acion filed on April 17, 2024 in state court by Plaintiffs Emsurgcare and Emergency Surgical Assistant (collectively, "Emsurgcare") against Defendant Pacific Premier Bank. (Dkt. No. 1-1.) Plaintiffs later filed an amended complaint in state court removing Pacific Premier Bank and naming United Healthcare Insurance Co. ("United") as a defendant. (*See* Dkt. No. 7-1 at 13 ("FAC").) Plaintiffs are medical providers who "do not have a written contract or preferred provider agreement" with United. (FAC, ¶ 14.) Plaintiffs provided emergency medical services to a patient at Marina del Rey Hospital, which they were obligated to do. (*Id.*, ¶¶ 26-27.) Afterwards, Plaintiffs billed United as the patient's insurance provider. (*Id.*, ¶¶ 28-30.) Emsurgcare billed $49,500 and Emergency Surgical Assistant billed $44,000—United determined that $721.67 would be paid to Emsurgcare, and nothing to Emergency Surgical Assistant. (*Id.*) Plaintiffs thus allege a claim for *quantum meruit* based on the "usual, customary, and reasonable value" of Plaintiffs' services, which Plaintiffs allege is "determined according to what providers in the area usually charge for the same or similar medical services in the absence of preferred providers or participating providers contractual rates," or "determined based on the amounts [Plaintiffs'] have been paid for the same or similar service." (*Id.*, ¶ 40.)

On September 13, 2024, Defendant removed the case to this Court on the grounds that Plaintiffs' claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"). On November 2, 2024, Plaintiffs moved to remand the case back to state court. (Dkt. No. 15-1.) On November 8, 2024, Defendants moved to dismiss the FAC or "alternatively . . . compel arbitration in accordance with the operative health benefits plan." (Dkt. No. 16 at 2.) Each

party filed oppositions and replies to the respective motions. (Dkt. Nos. 18, 29, 23, 24.)

## II. MOTION TO REMAND

### A. Legal Standard

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392). However, complete preemption is "an exception to the well-pleaded complaint rule." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905). Complete preemption applies if a well-pleaded complaint establishes a state-law cause of action but "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal. et al.*, 463 U.S. 1, 13 (1983); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (complete preemption is invoked when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule'") (citing *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. at 65). However, there is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

B. **Request for Judicial Notice**

United requests judicial notice of the following documents:

- Declaration of Jane Stalinski in support of United's Notice of Removal
- Exhibit A to the Stalinski Declaration, which is a "copy of the ERISA-governed health benefits plan . . . during the alleged date of service at-issue in the FAC." (Dkt. No. 21 ("RJN") at 4.)
- Exhibits B and C to the Stalinski Declaration, which are copies of the documents "submitted by Plaintiffs described as 'ERISA/PPACA appeals' representing that they are both an 'assignee and designated authorized representative' of the at-issue patient/member." (RJN at 5.)

United also requests judicial notice of the following facts:

- The Plan is governed by ERISA, which governs United's obligation to pay for the medical services here. (RJN at 4.)
- United's business records show that the Patient who allegedly received medical services from Plaintiffs was a participant in the Plan sponsored by the Pacific Premier Bank, during the alleged date of service at-issue in the FAC. (*Id*.)
- Nowhere in the Plan is United listed as an "administrator," rather, the administrator is "UnitedHealthcare Benefits Plan of California." ("United Benefits Plan").) (*See* Stalinski Decl., Ex. A Plan at p. 1.) The Plan confirms that United Benefits Plan "do[es] not make decisions about the kind of care you should or should not receive." (*Id*., Plan at p. 55.) Rather, "[c]are decisions are between you and your Physician." (*Id*.) Further, the Plan provides that United Benefits Plan "make[s] administrative decisions regarding whether the Agreement will pay for any portion of the cost of a health care service you intend to receive or have received. Our decisions are for payment purposes only. We do not make decisions about the kind of care you should or should not receive. You and your providers must make those treatment decisions." (*Id*., Plan at p. 59.)

Plaintiffs object to "Defendant's attempt to incorporate by reference documents which are not mentioned in the complaint." (Dkt. Nos. 18, 24.)

Under Federal Rule of Evidence 201, a court may take judicial notice of a

4

"fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." While a court may take judicial notice of "the existence of [a] document or order," it may not take judicial notice of the "truth or the correctness of the factual content" therein. *Pellegrini v. Fresno Cnty.*, 742 F. App'x 209, 211 (9th Cir. 2018); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding district court erred when it took judicial notice of disputed matters of fact in the public record). Additionally, if a "document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Defendants appear to request judicial notice of the Stalinski Declaration and its exhibits for the truth of the statements therein, which is not proper. *See Lee*, 250 F.3d at 690. Nor does the doctrine of incorporation-by-reference apply here—the FAC does not refer to any of these documents "extensively" and the parties dispute whether the plan forms the basis of Plaintiff's claims. *Ritchie*, 342 F.3d at 908. Likewise, the standalone facts for which United requests judicial notice are not generally known to the public or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Accordingly, the Court denies United's request.

**C.     ERISA Preemption**

"There are two strands of ERISA preemption: (1) 'express' preemption under ERISA § 514(a), 29 U.S.C. § 1144(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth in ERISA § 502(a), 29 U.S.C. § 1132(a)." *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102 (9th Cir. 2011) (brackets omitted). "Conflict preemption under ERISA § 502(a), however, also confers federal subject matter jurisdiction for claims that nominally

5

arise under state law." *Id*. 29 U.S.C. § 1132(a)(1)(B) states:

> "A civil action may be brought—(1) by a participant or beneficiary—(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

In *Aetna Health Inc. v. Davila*, the Supreme Court developed a two-prong test to determine whether a state law cause of action is preempted by § 502(a) of ERISA:

> (1) if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B); and (2) where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted…"

542 U.S. 200, 210 (2004). This two-prong test is conjunctive—a state-law cause of action can only be preempted by ERISA if both prongs of the test are satisfied. *See Fossen*, 660 F.3d at 1108.

### 1. Prong One

The Ninth Circuit has held that where "[medical] Providers are asserting state law claims arising out of separate agreements for the provision of goods and services," those claims are not preempted by ERISA § 502. *Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999). This is the case even where "beneficiaries of ERISA-covered plans have assigned their rights to reimbursement to" the providers. *Id*. "The mere fact that Providers could have brought suit against [defendant] under § 502(a)(1)(B) did not automatically mean that Providers could not bring some other suit against [defendant] based on some other legal obligation. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 948 (9th Cir. 2009); *see also Blue Cross*, 187 F.3d 1052 (finding "no basis to conclude that the mere fact of assignment converts the Providers' claims into claims to recover benefits under the terms of an ERISA

6

plan").

Here, the Complaint unambiguously alleges that "[a]ll of the claims asserted in this complaint are based upon the individual and proper rights of Medical Providers in their own individual capacity and are not derivative of the contractual or other rights of the Medical Providers' Patient. Medical Provider does not in any way seek to enforce the contractual rights of the Medical Providers' Patient, through the Patient's." (FAC, ¶ 9.) Plaintiffs do not argue "that [they were] owed the additional amount under the enrollee's ERISA plan." *John Muir Health v. Cement Masons Health & Welfare Tr. Fund for N. California*, 69 F. Supp. 3d 1010, 1016 (N.D. Cal. 2014) (finding plaintiffs' *quantum meruit* claim did not satisfy *Davila* prong one). Rather, they argue that they were owed the "usual, customary, and reasonable value" for their services based on calculations that are unrelated to what United might pay under an ERISA plan. (FAC, ¶¶ 23, 40.) The basis for Plaintiffs' *quantum meruit* claim is not ERISA but the Knox Keene Act. *See Reiten v. CIGNA Health & Life Ins. Co.*, 2020 WL 1862462, at *3 (C.D. Cal. Apr. 14, 2020) ("California courts have held that medical providers and insurers are directly linked by an implied contract" under California law) (citing *Bell v. Blue Cross of Cal.*, 131 Cal. App. 4th 211, 218 (2005)).

While Plaintiffs could have chosen to bring a claim under ERISA as assignees of their patient (and in fact sought payment for its services as assignees prior to filing this Complaint), they have not. *See Cath. Healthcare W.-Bay Area v. Seafarers Health & Benefits Plan*, 321 F. App'x 563, 564 (9th Cir. 2008) (finding district court lacked jurisdiction where ERISA preemption did not apply because "[a]lthough St. Mary's could have brought an ERISA claim derivatively as an assignee, the Complaint does not assert a derivative claim" and instead "asserts claims based on a direct contractual relationship that arose between St. Mary's and Seafarers"). Ninth Circuit case law is clear that even where providers "receive[] an assignment of the patient's medical rights and hence could have brought a suit under

7

1   ERISA," that does not mean an ERISA action "is the *only* suit [the provider] could
2   bring"—the "mere fact of assignment [does not] convert[] the Providers' claims . . .
3   into claims to recover benefits under the terms of an ERISA plan." *Marin*, 581 F.3d
4   at 949 (emphasis in original).  Plaintiffs did not bring any claims based on the
5   ERISA benefits of its patient, but "it is Plaintiffs' prerogative to choose which
6   claims to pursue." *Emsurgcare v. UnitedHealthcare Ins. Co.*, 2024 WL 2892319,
7   at *5 (C.D. Cal. June 7, 2024); *see also Reiten*, 2020 WL 1862462, at *4 (remanding
8   *quantum meruit* claim after finding *Davila* prong one was not satisfied); *California*
9   *ex rel. Herrera v. Blue Cross of California, Inc.*, 2011 WL 4723758, at *4 (N.D.
10  Cal. Oct. 7, 2011) (finding *Davila* prong one not met because "a provider that has
11  been assigned rights by an ERISA plan beneficiary has the option of electing to sue
12  under ERISA to enforce those rights, but [] the provider is not precluded from opting
13  instead to enforce an independent right to reimbursement available under state law);
14  *Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*, 2015 WL 138197, at
15  *3 (N.D. Cal. Jan. 9, 2015) (granting remand after finding *Davila* prong one not
16  satisfied because plaintiff "is not suing as the assignee of an ERISA plan participant
17  or beneficiary under Section 502(a)(1)(B)" and "therefore could not have brought
18  [claims based on violation of Cal. Health & Safety Code § 1371.4] under Section
19  502(a)(1)(B)").

20  Accordingly, Plaintiffs' claim is not one that Plaintiffs could have brought
21  under ERISA, and *Davila* prong one is not satisfied.  The Court therefore finds that
22  Plaintiffs' Complaint is not completely preempted by ERISA and **GRANTS**
23  Plaintiffs' Motion to Remand.

24      2.   Prong Two

25  The Court need not reach prong two since United does not satisfy *Davila*
26  prong one.  Regardless, United also cannot satisfy prong two of the analysis because
27  Plaintiffs' claim clearly arises out of an independent legal duty.  *See Marin*, 581
28  F.3d at 949 (hospital's state-law claims, including for *quantum meruit* and breach

of implied contract, "do not rely on, and are independent of, any duty under an ERISA plan" and thus did not satisfy *Davila* prong two). Although the Complaint alleges that the patient provided their insurance information to Plaintiffs "who then submitted a bill to Defendant," Plaintiff's theory of liability is not based on any rights assigned by the patient—instead, Plaintiff relies on rights under the Knox Keene Act, which arise independent of an ERISA plan. Recent district courts addressing similar claims have found the same. *See PIH Health Hosp.-Whittier v. Cigna Healthcare of California, Inc.*, 2021 WL 3616641, at *4 (C.D. Cal. Aug. 16, 2021) ("the claims PIH asserts here simply do not rely upon the assignments of patients"); *Emsurgcare*, 2024 WL 2892319, at *5 (finding medical provider's *quantum meruit* claim arose from independent legal duty and did not satisfy *Davila* prong two); *Reiten*, 2020 WL 1862462 at *4 (C.D. Cal. Apr. 14, 2020) (same); *John Muir*, 69 F. Supp. 3d at 1019 (same); *Alta Los Angeles Hosps., Inc. v. Blue Cross of California*, 2017 WL 3671156, at *3 (C.D. Cal. Aug. 24, 2017) (same).

United argues that because the Knox Keene Act does not apply to United and does not afford a private right of action, there is no actual independent legal duty for Plaintiffs' claim, citing *Sagebrush LLC v. Cigna Health and Life Ins. Co.*, 2024 WL 2152458 (C.D. Cal. May 13, 2024) and *Sanjiv Goel, M.D., Inc. v. United Healthcare Servs., Inc.*, 2024 WL 1361800, at *5 (C.D. Cal. Mar. 29, 2024) in support.[1] (Opp. at 17.) As another court in this district recently noted, these two cases "are at odds with what appears to be the majority approach" in district court cases involving this issue, and "[a]t most, [this] suggest uncertainty, which must be resolved in favor of remand." *Emsurgcare*, 2024 WL 2892319, at *6.[2] This Court

---

[1] United also cites to *Samaan v. Anthem Blue Cross Life & Health Ins. Co.*, 2021 WL 2792307 (C.D. Cal. Mar. 10, 2021) (Gee, J.)—however, *Samaan* is inapposite because the complaint there sought "benefits that were purportedly due to a beneficiary under an ERSA-regulated plan." *Id.* at *4.

[2] United tries to distinguish *Emsurgcare* from this case by arguing that the court in *Emsurgcare* "did not grapple with the evidence before this Court (Plaintiffs'

9

agrees with the reasoning in *Emsurgcare* and is likewise "unpersuaded that Plaintiffs' likely inability to recover under the Knox-Keene Act based on the merits of their claim has any bearing on the question of complete preemption." *Id.*; *see also Alta*, 2017 WL 3671156, at *3 ("the viability (or lack thereof) of Plaintiff's non-ERISA legal theories does not change the fact that those theories, as pleaded, do not implicate any duty under ERISA and thus do not give rise to jurisdiction under complete preemption. If Plaintiff wants to avoid complete preemption by asserting nonsensical state law theories, that is its prerogative.").

Accordingly, *Davila* prong two is not satisfied.[3]

### 3. Arbitration in the Alternative

Finally, United argues that if the Court rejects complete preemption, it should send this dispute to arbitration instead of remanding it back to state court. (Opp. at 20.) Plaintiffs do not directly address this argument. Regardless, United's request is improper because the Court cannot compel arbitration where it does not have jurisdiction over Plaintiffs' claim in the first instance. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

---

representations in ERISA appeals), which clearly demonstrates that Plaintiffs have artfully pled their quantum meruit claim." (Opp. at 15.) However, the court in *Emsurgcare* did consider evidence that the plaintiffs "previously asserted that the patient assigned his rights to them" and in fact alleged an ERISA claim in a prior complaint, but it concluded that this evidence is irrelevant to the question of whether the court had jurisdiction over plaintiffs' complaint as pleaded, which alleged no claim seeking benefits under ERISA. *Emsurgcare*, 2024 WL 2892319, at *5.

[3] The Ninth Circuit has held that plaintiffs who choose to pursue state-law claims based on legal duties independent of ERISA cannot then "attempt[ an] end-run around ERISA by wholesale incorporation of an ERISA plan into the terms of an implied contract. *See Cath. Healthcare*, 321 F. App'x 563, 565 (9th Cir. 2008) (noting that any claims plaintiff "might have had under Seafarers' plan . . . should not be considered in determining the validity of its remaining state law claims— including the terms of any implied contract or the basis of any misrepresentations."). Thus, the Court notes that Plaintiffs may not rely on the terms of an ERISA plan in proceeding with their state-law claims.

Accordingly, the Court denies United's request to compel Plaintiffs' claim to arbitration.

### III. MOTION TO DISMISS OR ALTERNATIVELY, TO COMPEL ARBITRATION

Because the Court finds that this case was improperly removed and should be remanded to state court, the Court **DENIES** United's Motion to Dismiss or Alternatively, Compel Arbitration (and its Request for Judicial Notice in support of the Motion to Dismiss) as moot.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Defendant's Motion to Dismiss or Alternatively Compel Arbitration as moot.

**IT IS SO ORDERED.**

DATED: January 23, 2025

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE